UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRYSTAL ELVIN,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. 3:14-CV-05918-RJB<br><br>ORDER AFFIRMING DENIAL OF SUPPLEMENTAL SECURITY INCOME BENEFITS |

**I. BASIC DATA**

Type of Benefits Sought:

   ( ) Disability Insurance

   (X) Supplemental Security Income

Plaintiff's:

   Sex: Female

   Age: 31

Principal Disabilities Alleged by Plaintiff: Chronic back pain

1 | Disability Allegedly Began: January 1, 2006

2 | Principal Previous Work Experience: "Stay-at-home-mother"

3 | Education Level Achieved by Plaintiff: Certified as medical assistant

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ :

    Date of Hearing: March 1, 2013

    Date of Decision: March 29, 2013

    Appears in Record at: Decision- Dkt. 8-2, at 16-32; Hrg. Trans.- Dkt. 8-2, at 37-64

    Summary of Decision (Dkt. 8-2, 16-32):

    At Step One, the ALJ found that Claimant had not engaged in substantial gainful employment since her claim date. At Step Two, the ALJ concluded that Claimant has the following severe impairments: scoliosis status post rod placement as a child, degenerative disc disease of the lumbar spine with radiculopathy, status post left shoulder dislocation. However, Claimant's impairment does not meet the criteria for Step Three under 20 CFR Part 404. Considering Claimant's past employment, the ALJ found that Claimant was not able to perform past work, Step Four. At Step Five, the ALJ found that Claimant has the residual capacity to perform light work, thus concluding that Plaintiff was not disabled.

## III. PROCEDURAL HISTORY—THIS COURT

    Jurisdiction based upon: 42 U.S.C. § 405(g)

    Brief on Merits Submitted by (X) Plaintiff   ( ) Commissioner

## IV. STANDARD OF REVIEW

    Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R.

1 §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.

2 *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the

3 burden shifts to the Commissioner.  *Id.*

## VI. ISSUES ON APPEAL

Claimant raises four issues on appeal: (1) the ALJ's failure to consider all of Claimant's severe impairments, (2) the ALJ's failure to consider Claimant's chronic pain under SSR 95-5p, (3) the ALJ's finding that Claimant was not credible, and (4) the ALJ's finding that Claimant's residual functional capacity ("RFC") adequately accommodated her physical impairments. Dkt.10.

## VII. DISCUSSION

*a. Severe impairments*

Claimant argues that, although the ALJ concluded that Claimant had severe impairments, the ALJ erred because she did not consider Claimant's right shoulder condition to be part of the severe impairment. Dkt. 10, at 3, 4. The ALJ's conclusion was legal error, Claimant contends, because the record was replete with signs sufficient to make a finding that Claimant's right shoulder was a medically determinable impairment. *Id*.

Although Claimant disagrees with the ALJ's conclusion, it is clear to the Court that the ALJ deliberately considered both the medical record and Claimant's subjective complaints when considering Claimant's right shoulder.  Dkt. 8-2, at 21. The record that Claimant urges the Court to consider, in light of the medical records and testimony in their entirety, does not undermine the ALJ's conclusion. On the contrary, there is substantial evidence that Claimant's right shoulder injury was not a medically determinable impairment for 12 months. *See* Dkt. 8-7, at 42-44, 55-58. Furthermore, even if the ALJ erred by not including Claimant's right shoulder (in

1 addition to Claimant's left shoulder) with the list of severe impairments, the error was harmless,
2 because the ALJ developed a record that shows potential employability for persons with the
3 limited shoulder movement Claimant may have. Dkt. 82-2, at 23-26.

   *b. Chronic pain*

   According to Claimant, the ALJ erred in not properly considering Claimant's chronic pain according to SSR 96-7p. Claimant argues that chronic pain must be taken at face value except where specific medical evidence shows otherwise, and that where objective medical evidence supports an underlying impairment, the pain must be taken as true. Dkt. 10, at 5-8.

   An ALJ's finding that a claimant lacks credibility is a permissible basis to reject chronic pain testimony. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1201 (9th Cir.1990). In weighing credibility, the ALJ may consider claimants' truthfulness, inconsistencies between testimony and conduct, and testimony from experts concerning the nature, severity, and effect of the symptoms of which claimants complain. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996); *Moncada v. Chater,* 60 F.3d 521, 524 (9th Cir.1995) (quoting *Orteza v. Shalala,* 50 F.3d 748, 749–50 (9th Cir.1995)); 20 C.F.R. § 404.1529(c). A finding that a claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of their pain. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995).

   Applied to this case, the ALJ's finding that Claimant did not suffer from chronic pain, in spite of her testimony to the contrary, is supported by substantial evidence. *See* Dkt. 8-2, at 23. Although Claimant opines that she is in perpetual pain, *id*., at 49, the ALJ identified several inconsistencies. *Id*., at 22-24. For example, Claimant does household chores, prepares meals, and leaves the house several times per week to attend school functions. *Id*. The ALJ also pointed to the existence of treatment records more consistent with a light level of work than a debilitative

1 condition, and Claimant's apparent contradiction about not driving. *Id*. And while the ALJ
2 referenced the lack of medical treatment for the symptoms alleged as one reason why she
3 rejected Claimant's testimony about chronic pain, this was not the only basis for her reasoning,
4 so this case is distinguishable from *Light v. Soc. Sec. Admin.*, 119 F.3d at 792, where the lack of
5 medical records was an insufficient basis for a lack of credibility finding. On this record, the
6 ALJ's finding is supported by substantial evidence.

7     *c. Credibility finding*

8     Claimant challenges the ALJ's credibility finding, arguing that Claimant's daily activities
9 did not undermine her credibility because they were not "work-like," and the ALJ did not present
10 "specific, clear, and *convincing reasons*" for rejecting Claimant's testimony. Dkt. 10, at 3
11 (emphasis in the original).

12     The testimony of claimants may be rejected by an ALJ where there is clear and
13 convincing evidence undermining their credibility. *Thomas v. Barnhart*, 278 F.3d 847, 959 (9th
14 Cir. 2002). On appeal, courts consider whether a credibility finding is supported by substantial
15 evidence. *Id*.

16     The ALJ's credibility finding is supported by substantial evidence. For example,
17 inconsistencies between the medical records and Claimant's testimony, exaggeration about
18 sustained, chronic pain (*see infra*), Claimant's lack of treatment prior to 2010 when she alleged
19 that symptoms began in 2006, and a lifestyle inconsistent with the described symptoms are, in
20 their totality, sufficient evidence to affirm the ALJ's decision.  *See* Dkt. 8-2, at 22-26.

21     *d. Residual functional capacity*

22     According to Claimant, the ALJ erred in finding that Claimant could perform work in her
23 residual functional capacity. Dkt. 10, at 13-16. Claimant concedes that the ALJ's analysis
24

considered Claimant's left shoulder injury but argues that she failed to account for the injury to Claimant's right shoulder. *Id*., at 14. In addition, Claimant contends, the ALJ failed to consider the impact of Claimant's severe back condition on Claimant's ability to perform bending or twisting actions integral to the job types prescribed by the Vocational Expert. *Id*.

Residual functional capacity is defined as "what an individual can still do despite his or her limitations" given a 5 day work week of 8 hours day. SSR 96-8p; 20 C.F.R. § 416.946. A determination of a person's capacity is made based on the record as a whole. *Id*.

In this case, the ALJ's residual functional capacity determination is supported by substantial evidence. *See* Dkt. 8-2, at 27, 28, 60-65. The ALJ asked the Vocational Expert to identify hypothetical jobs that Claimant could perform in spite of her limitations, which were provided and described in detail and specifically mentioned in the ALJ's order. *Id*. The Vocational Expert was asked to consider whether there would be jobs for a person who, like Claimant, had difficulty standing or sitting for prolonged periods of time or had limited arm reaching mobility, which indicates that the ALJ considered Claimant's back and both shoulder conditions. *Id*., at 23, 24. There is substantial evidence in support of the ALJ's conclusion that Claimant had residual functional capacity for employment.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Chrystal Elvin disability benefits is **AFFIRMED**.

Dated this 23rd day of June, 2015. .

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge